IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DUANE BURTON, | * | |
| Petitioner, | * | |
| v. | * | Criminal Action No. RDB-19-0164 |
| | | Civil Action No. RDB-21-0392 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Duane Burton ("Petitioner") was convicted of orchestrating three bank robberies throughout Maryland and Delaware in 2018 and 2019. (Plea Ag't 11, ECF No. 33.) On April 2, 2019, a federal grand jury issued a two-count Indictment charging Burton with violations of 18 U.S.C. § 2113 and 18 U.S.C. § 2. (Indictment, ECF No. 1.) On January 17, 2020, Burton pleaded guilty to Count One of the Indictment, alleging bank robbery in violation of 18 U.S.C. § 2113(a) and (f). (Plea Ag't ¶ 1.) Pursuant to Rule 11(c)(1)(C), the parties stipulated to an agreed sentence of 144 months. (*Id.* ¶ 10.) One year later, on January 21, 2021, this Court sentenced Burton to the agreed term of 144 months imprisonment followed by three years of supervised release. (Judgment 2, ECF No. 51.)

In the years following his sentencing, Burton filed several motions and supplemental briefs challenging his conviction and sentence, all of which remain pending. (*See* ECF Nos. 54, 69, 76, 77, 78, 81, 88, 91.)[1] Across these various submissions, each of which was filed *pro se*,

---

[1] Burton has also filed a Motion for Compassionate Release. (ECF No. 39.) That motion will be addressed by separate Memorandum Order. To the extent that the motions, memoranda, and

Burton alleges ineffective assistance of counsel and raises various procedural challenges to his sentence. Most prominently, he claims that his defense attorney failed to challenge his indictment, failed to investigate his medical conditions prior to plea bargaining, and failed to challenge alleged alterations to witness statements adduced by the government during sentencing. (Initial Mot. Vacate 2, ECF No. 54; First Supp. 4–6, ECF No. 69; Second Supp. 2, ECF No. 76, 77 *SEALED*; Mot. Reopen 2–5, ECF No. 78; Mot. Set Aside 3–5, ECF No. 88.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 54, 88) are hereby **DENIED.** Petitioner's Motion for Discovery (ECF No. 81) is also **DENIED**.

## BACKGROUND

The underlying facts were agreed to by the parties and stipulated in Burton's plea agreement. (*See* Plea Ag't 11–12.) Petitioner Duane Burton ("Burton") has two prior federal convictions of bank robbery. (*Id.* at 11.) While on supervised release for one of these offenses, Burton robbed three banks located in Delaware and Maryland, and stole over $ 7,300.00. (*Id.*) For all three robberies, Burton was identified wearing similar clothing and glasses, and for two of the robberies, he wore gray New Balance shoes. (*Id.*) On February 27, 2019, law enforcement executed a federal search warrant for Burton's residence and found the gray sneakers he had worn during the robberies. (*Id.* at 12.) Petitioner was arrested that same day. (*Id.*) Following his arrest, Burton waived his *Miranda* rights and admitted to robbing WSFS

---

supplements addressed herein offer arguments and evidence in favor of compassionate release, those arguments will be considered alongside Burton's compassionate release motion. (*See, e.g.*, Mot. Reopen 5–6; Mot. Set Aside 4–5.)

Bank in Newark, Delaware; PNC Bank in Howard County, Maryland; and Bank of America in Baltimore City, Maryland. (*Id.*)

On April 2, 2019, a federal grand jury returned an indictment charging Burton with two counts of bank robbery, in violation of 18 U.S.C. § 2113 and 18 U.S.C. § 2. (Indictment, ECF No. 1.) Around the same time, Burton was indicted on a single count of bank robbery in the United States District Court for the District of Delaware. (*See* Del. Indictment, ECF No. 1-1, Case No. RDB-20-10.) The Delaware case was transferred to the District of Maryland pursuant to Fed. R. Crim. P. 20, and the two cases were consolidated before the undersigned judge with the consent of both parties. (Consent to Transfer, ECF No. 1, Case No. RDB-20-10; *see also* Transfer Correspondence, ECF No. 30; Dec. 18, 2019 Ord., ECF No. 31.)

On January 17, 2020, Burton pleaded guilty to Count One of the Maryland Indictment and Count One of the Delaware Indictment, each alleging bank robbery in violation of 18 U.S.C. § 2113(a). (Plea Ag't ¶1.)[2] Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated to an agreed sentence of 144 months, but reached no agreement as to the appropriate sentence for his violation of supervised release. (*Id.* ¶ 10.) The parties stipulated that Burton was to be classified as a career offender under Section 4B1.1(a) of the advisory United States Sentencing Guidelines, due to two his prior felony convictions for bank robbery. (*Id.* ¶ 6(e).) This classification yielded a guideline range of 151 to 188 months imprisonment and a final offense level of 29. (*Id.* ¶ 6(g); Statement of Reasons, ECF No. 52 *SEALED*.) On January 21, 2021, this Court sentenced Burton to the agreed 144 months'

---

[2] Concurrently, Burton agreed to plead guilty to violations of supervised release in a separate case related to his prior convictions. (*Id.* (referencing Case No. RDB-09-0574, initially before Judge Hollander and designated Case No. ELH-09-0574).)

3

imprisonment for the bank robbery charges, with credit for time served in federal custody since May 24, 2019, and 24 months' imprisonment for his violations of supervised release, to run consecutively. (Judgment 2, ECF No. 51; *see also* Gov't Resp. Opp., ECF No. 89.)

Despite his guilty plea, Burton has filed several challenges to his conviction and sentence. On February 18, 2021, less than one month after his conviction, he filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his crime did not involve the use of violence, force, or intimidation, and alleging ineffective assistance of counsel. (Mot. Vacate 1–2, ECF No. 54.) Finding these allegations insufficient, this Court provided Petitioner with an opportunity to file an amended petition and furnish additional information regarding his claims. (ECF Nos. 55, 57, 59.) Burton supplemented his Motion on August 23, 2021, but failed to file an amended petition. (First Supp., ECF No. 69.) His time to do so expired on June 4, 2021. Three days later, on June 7, 2021, he appealed his conviction to the Fourth Circuit. (Notice of Appeal, ECF No. 60.) In light of the pendency of this appeal, this Court denied his Motion to Vacate without prejudice on September 22, 2021. (ECF No. 70.)

Burton's appeal was dismissed as untimely on December 22, 2021. (ECF No. 72.) Accordingly, on June 27, 2022, Burton moved to reopen his Motion to Vacate, and provided this Court with additional supplemental materials. (*See* Mot. Reopen, ECF No. 78.)[3] This motion was granted, and on August 11, 2022, Burton filed a Motion for Discovery requesting

---

[3] After his motion to vacate was denied, but before he docketed his motion to reopen, Burton filed additional supplemental materials under seal on March 30, 2022, and March 31, 2022. (*See* Second Supp., ECF No. 76 *SEALED*; Third Supp., ECF No. 77 *SEALED*.) These supplements raise similar arguments to Burton's Motion to Vacate and Motion to Set Aside and Dismiss All Sentences, and shall be considered in tandem.

all discovery materials in both consolidated cases. (*See* Jun. 30, 2022 Ord., ECF No. 79; Mot. Discovery, ECF No. 81.) Subsequently, Petitioner filed a *pro se* Motion to Set Aside and Dismiss all Sentences on October 13, 2022, again arguing ineffective assistance of counsel, and raising several due process claims related to his warrant, his arrest, and the timing of grand jury proceedings. (Mot. Set Aside, ECF No. 88.) Petitioner submitted another supplemental brief on November 14, 2022. (Fourth Supp., ECF No. 91.) Petitioner's original § 2255 motion (ECF No. 54), his supplemental materials (ECF Nos. 69, 76, 77, 78, 91),[4] his motion to set aside and dismiss all sentences (ECF No. 88), and his motion for discovery (ECF No. 81) are now pending before this Court, and will be resolved in turn.

## MOTIONS TO VACATE

Under 28 U.S.C. § 2255, a prisoner in custody may move to vacate, set aside, or correct his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose the sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "the sentence 'is otherwise subjected to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428). When seeking relief under § 2255, the petitioner bears the burden of

---

[4] Although Petitioner's motion to reopen has been granted, this Court shall consider the supplemental arguments presented in that motion. (*See* Mot. Reopen 3–6.) *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings are "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1975))); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

proving the asserted grounds for collateral relief by a preponderance of the evidence. *See Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967).

Burton's motions and supplemental briefs present an array of arguments against his conviction and sentence. Many of these arguments include very little explanation or analysis. Nevertheless, as Burton has filed his motions pro se, his arguments shall be afforded a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings are "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1975))); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Construing his claims liberally, Burton alleges that this Court should vacate his sentence because (1) his attorney rendered ineffective assistance of counsel; and (2) several procedural deficiencies prior to his sentencing constitute violations of his due process rights. For the reasons set forth below, both claims fail, and Burton's motion is hereby **DENIED.**

I. **Ineffective Assistance of Counsel**

Petitioner's primary argument is that he received ineffective assistance of counsel. (Mot. Vacate 2; Mot. Reopen 2–5; Mot. Set Aside 3–5; Second Supp. 1; Third Supp. 1–2.) A freestanding ineffective assistance of counsel claim may be properly asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To set forth a Sixth Amendment claim for ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show: (1) "that counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defense." 466 U.S. at 687. In applying *Strickland*, it is unnecessary to address both prongs if the petitioner makes "an insufficient showing on one." *Moore v.*

*Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be denied solely on a deficiency in either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

As Burton seeks habeas relief following a Rule 11 guilty plea, he faces a greater burden to succeed on an ineffective assistance of counsel claim. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). This is because the "prejudice" prong of the *Strickland* analysis requires the Petitioner to show that that counsel's alleged errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687. "To satisfy the second prong, a petitioner must show that 'there is a reasonable probability that, but for counsel's [alleged] errors, the result of the proceeding would have been different.'" *Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (quoting *Strickland*, 466 U.S. at 694). Accordingly, when a guilty plea has been entered, the Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d at 475 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Through his motions and supplemental filings, Burton argues that his attorney rendered constitutionally ineffective assistance in three respects: (1) failing to contest the crimes charged and facts alleged in the indictment; (2) failing to investigate his background or conduct a medical and mental health evaluation; and (3) failing to challenge putative alterations that were made to the victim statements offered by the government. (*See* Mot. Vacate 2; First Supp. 4–6; Second Supp. 1–2; Third Supp. 1–2; Mot. Reopen 2–3; Mot. Set Aside 3–4.) These allegations fall short of both *Strickland* predicates.

First, Burton contends that his attorney was ineffective for failing to challenge both the factual and legal predicates of the indictment in this case. (Mot. Vacate 2; Mot. Reopen 2–3; First Supp. 4–6.) Rule 7 of the Federal Rules of Criminal Procedure mandates only that an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). This threshold requirement is not challenging to satisfy. "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011). "When the words of a statute are used to describe the offense generally, . . . the indictment must also contain a 'statement of the essential facts constituting the offense charged.'" *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (quoting Fed. R. Crim. P. 7(c)(1)).

Burton contends that the Indictment failed to specify how force or intimidation were used in the commission of the robbery, and that he should have been charged with larceny. (Mot. Set Aside 4; Mot. Reopen 3; Mot. Vacate 2; First Supp. 2.) However, the government and the grand jury are not required to present a comprehensive overview of the evidence— only a "plain, concise, and definitive written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Count One of Burton's indictment specifies that he "by force, violence and intimidation" seized $1,432.00 in deposits from the PNC Bank located at 6020 Marshalee Drive, Elkridge MD. (Indictment 1.)[5] No additional granularity was

---

[5] Count One of Burton's Delaware indictment likewise states that "the defendant, by intimidation, did take from the person and presence of another," currency belonging to WSFS Bank, 2400 Pulaski Highway, Newark, Delaware. (Del. Indictment 1.)

necessary to enable Burton to mount an effective defense or to negotiate an informed plea. *Cf. Rendelman*, 641 F.3d at 44. Accordingly, Burton's attorney did not render constitutionally deficient performance by failing to contest the indictment—nor could such a failure have prejudiced his case.[6]

Second, Burton contends that his attorney failed to properly investigate his case or conduct a mental health evaluation prior to sentencing. (Mot. Reopen 4; Mot. Set Aside 4–5.) Construing Burton's pleadings liberally, he appears to argue that a medical evaluation would have revealed that he suffered a severe brain injury following a childhood assault in November 1994, and that he is afflicted with diabetes, high blood pressure, asthma, astigmatism, and gout. (*See* Mot. Reopen 4–5; Mot. Set Aside 5.) As an initial matter, counsel's decision to forego a psychiatric evaluation falls well within the wide range of professional assistance contemplated by the Sixth Amendment. *Cf. Strickland*, 466 U.S. at 699 ("[T]he decision not to seek more . . . psychological evidence than was already in hand was . . . reasonable."). More fundamentally, Burton fails to demonstrate prejudice, as the presentence investigation report compiled prior to sentencing and presented to this Court reflects all of the medical conditions that Burton alleges were omitted. (PSR ¶¶ 85–86 (noting that Burton was struck in the head in 1994, that he was diagnosed with gout in 2009, that he has suffered from childhood asthma, and that he has an astigmatism the left eye).) There is no indication that a further evaluation would have shed any additional light on these conditions or informed this court's sentencing decision in any significant manner.

---

[6] Burton's claim that he should have been charged with larceny, rather than robbery, is meritless. As the Government notes in its opposition brief, "Defendant has no say in what crimes he is charged with. That is a matter for the Government and the grand jury." (Gov't Resp. Opp. 14.)

Third, Burton alleges that his attorney was ineffective for failing to challenge putative changes to the victim statements offered by opposing counsel. (Mot. Set Aside 4; Mot. Reopen 2; Third Supp. 2; Mot. Vacate 2.) Specifically, he contends that the statement of facts offered in connection with his plea agreement differed from the statements adduced by witnesses. (Second Supp. 2; Third Supp. 3; Fourth Supp. 4–5.) However, the truth of statements made under oath in a Rule 11 proceeding is "conclusively established" in the absence of "extraordinary circumstances." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005); *accord Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (holding that statements made under oath at a plea colloquy "constitute a formidable barrier in any subsequent collateral proceedings"); *Fields v. Atty. Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). At his plea hearing, Burton acknowledged and agreed to the statement of facts articulated in the plea agreement. (Plea Hrg. Tr. 46–47, ECF No. 89-2.) In light of this conclusive stipulation, any variance between those facts and the witness statements obtained by the government is now moot. Accordingly, Burton fails to demonstrate that he was prejudiced by his attorney's failure to object to the statement of facts.

Finally, as discussed above, a petitioner alleging ineffective assistance following a guilty plea must demonstrate that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Cf. Hooper*, 845 F.2d at 475 (quoting *Hill*, 474 U.S. at 59). In so arguing, he "'must convince the court' that such a decision 'would have been rational under the circumstances.'" *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Burton

nowhere approaches this standard. He fails to demonstrate that, but for the deficiencies alleged in this case, he would have rejected the government's guilty plea offer and proceeded to trial. Nor does he demonstrate that such a decision would have been reasonable in light of the charges brought and the evidence arrayed against him. *Cf. id.* at 260; *Hooper*, 845 F.2d at 475. Accordingly, as Burton cannot show "deficient performance" or "prejudice," his Motion to Vacate and related filings (ECF Nos. 54, 69, 76, 77, 78, 88, 91) are hereby **DENIED** to the extent that they argue ineffective assistance of counsel.

## II. Due Process of Law

Secondarily, many of Petitioner's filings appear to allege various procedural violations and deprivations of his due process rights. (*See* Mot. Vacate 1; First Supp. 2–4; Mot. Reopen 1–5; Mot. Set Aside Sent. 2–3.) However, "[w]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to the entry of the plea." *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004) (citing *United States v. White*, 366 F.3d 291, 298–99 (4th Cir. 2004); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993)); *accord United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."). Moreover, on collateral attack, "an error of law does not provide a basis for collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Addonizio*, 442 U.S. at 185 (quoting *Hill*, 368 U.S. at 428). None of Burton's arguments approach this standard.

First, he claims that the government had insufficient evidence to sustain a conviction, as it failed to establish that he used violence or intimidation during the robberies. (*See, e.g.*, First

Supp. 3–5.) The intimidation element of 18 U.S.C. § 2113(a) is satisfied when "an ordinary person in the teller's position reasonably could infer *a threat of bodily harm from the defendant's acts.*" *United States v. Wagstaff*, 865 F.2d 626, 627 (4th Cir. 1989) (quoting *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir. 1987)). "Under this test, the subjective courageousness or timidity of the victim is irrelevant; the acts of the defendant must constitute intimidation to an ordinary, reasonable person." *Id.* (quoting *Higdon*, 832 F.2d at 627–28); *accord United States v. Croft*, 987 F.3d 93, 99 (4th Cir. 2021); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017). Burton contends that the government failed to properly charge him with this element, or to offer evidence that it was met. However, Burton did not proceed to trial—he pled guilty in a Rule 11 colloquy and stipulated to the facts during his sentencing hearing. At his hearing, Burton acknowledged that he demanded bank tellers "give [him] the money," and that this statement constitutes intimidation under the relevant standard. (Gov't Resp. Opp. 8–9; Plea Hrg. Tr. 46:45–47:20.) Consequently, he is bound by this stipulation. *Lemaster*, 403 F.3d at 221–22. As his present claim "necessarily relies on allegations that contradict [his] sworn statements," it must be dismissed. *Id.*

Second, Burton challenges the computation of his sentence under the advisory United States Sentencing Guidelines. Among other arguments, he insists that he should not have been designated a career offender as his offense was not a crime of violence, (Second Supp. 1–2), that he should have been assigned an offense level of 23 and a range of 70 to 78 months, (Mot. Set Aside 4), and that his sentence was the result of prohibited sentence "stacking" under 18

U.S.C. § 924(c), (Second Supp. 1, Mot. Reopen 3–4). These arguments are equally meritless.[7] The record reflects that Burton stipulated to an agreed-upon sentence under Fed. R. Crim. P. 11(c)(1)(C)—and this Court accepted that sentence without alteration. (Statement of Reasons 1; Plea Tr. 48:2–51:13.) As discussed above, Burton stipulated to his guilt in a binding Rule 11 plea colloquy—he was not sentenced following a trial by jury. Accordingly, concerns regarding the proper classification of his offense and the appropriate Guidelines range are of no moment at this stage.

Finally, Burton challenges various procedural elements of his arrest, detention, and prosecution that arose prior to sentencing. Among other claims, he contends that he was held in the back of a patrol car for 45 minutes at the time of his arrest, that the government filed its indictment after 4:00 p.m. in putative violation of a local rule, and that he was detained for more than 24 hours before he was allowed to see a magistrate judge. (*See, e.g.*, Mot. Vacate 1; Mot. Set Aside 2–3.)[8] These minor procedural challenges are subsumed by Burton's guilty plea, *Bundy*, 392 F.3d at 644, and nowhere approach a "fundamental defect which inherently results in a complete miscarriage of justice," as required to sustain a collateral attack, *Addonizio*, 442 U.S. at 185 (quoting *Hill*, 368 U.S. at 428). Accordingly, Burton's Motion to Vacate and related filings (ECF Nos. 54, 69, 76, 77, 78, 88, 91) are hereby **DENIED** to the extent that they invoke alleged violations of due process.

---

[7] Petitioner's contention that his sentence was the result of prohibited "stacking" is particularly vacuous, as he was not charged with or convicted of any violations of 18 U.S.C. § 924(c).

[8] Burton also alleges that his case was tainted by the outbreak of the COVID-19 pandemic. (Mot. Reopen 2.) However, he fails entirely to argue, much less prove, that COVID-19 prejudiced his proceedings in any manner. *Cf. United States v. Hiller*, No. ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) ("[T]he coronavirus is 'not tantamount to a get out of jail free card.'" (quoting *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020))).

## MOTION FOR DISCOVERY

Finally, Burton has requested that this Court "send a full copy of the discovery in this criminal cases [sic]" and "the date and time from The Grand Jury [deliberations] on this case." (Mot. Discovery, ECF No. 81.) Although this motion is purportedly filed pursuant to "Rule (8) General Rule of Pleading (a)(2)," this Court shall construe Burton's request as a Motion for Discovery filed pursuant to Rule 6 of the rules governing 28 U.S.C. § 2255 proceedings. *Cf. Erickson*, 551 U.S. at 94 (requiring liberal construction of *pro se* filings).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings, a prisoner may engage in discovery only 'if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants him leave to do so, but not otherwise.'" *United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004) (quoting R. Governing Section 2255 Cases 6(a)). Good cause for discovery exists when the Petitioner has established a prima facie case for relief. *Harris v. Nelson*, 394 U.S. 286, 290 (1969). Accordingly, "discovery is warranted 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Roane*, 378 F.3d at 403 (internal citation omitted); *accord Higgs v. United States*, 711 F. Supp. 2d 479, 502 (D. Md. 2010) (Messitte, J.). Comparatively, if the requested discovery "would have had no bearing on any of [Petitioner's] substantive claims," the district court has proper discretion to deny a discovery request. *Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999).

For the reasons discussed in detail above, Burton has failed to establish a prima facie case for ineffective assistance of counsel or violations of due process. In the exercise of its discretion, this Court concludes that none of the requested discovery would have any bearing on the outcome of this decision, and that the requested materials are not "indispensable to a fair, rounded, development of the material facts." *Garries v. United States*, 2013 WL 12221504, at *2 (E.D. Va. 2013) (quoting *United States v. Bontknowki*, 262 F. Supp. 2d 915, 920–21 (N.D. Ill. 2003)). Accordingly, Petitioner has failed to demonstrate that good cause exists to grant the discovery he requests, let alone that he has a particularized need for grand jury materials, which are afforded heightened protections against disclosure. *See Douglas Oil. Co. of Cali. V. Petrol Stops. Nw.*, 441 U.S. 211, 223 (1979) (holding that grand jury material may be disclosed "only in those cases where the need for it outweighs the public interest in secrecy"); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958) (holding that the movant must show a "particularized, . . . discrete showing of need" for such discovery). For these reasons, Burton's Motion for Discovery (ECF No. 81) is hereby **DENIED**.

## CONCLUSION

Pursuant to Rule 11(a) of the rules governing proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that

15

reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the Petitioner's claims debatable, a certificate of appealability is **DENIED**.

For the reasons stated above, it is hereby **ORDERED** this 16th day of March, 2023, that Petitioner Duane Burton's Motion to Vacate and related filings (ECF Nos. 54, 69, 76, 77, 78, 88, 91) are **DENIED** with prejudice. Petitioner's Motion for Discovery (ECF No. 81) is also **DENIED**.

A separate order follows.

_____/s/_____
Richard D. Bennett
United States Senior District Judge